IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-14-166-D |
| | ) | (No. CIV-16-692-D) |
| RUDOLFO SANCHEZ-MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 35], filed *pro se* on June 20, 2016. Defendant seeks relief from a prison sentence imposed in 2014 for illegal reentry into the United States after removal, based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government has responded in opposition to the Motion. Because the existing record shows Defendant is not entitled to relief, the Court finds that the Motion should be denied.[1]

On June 27, 2014, Defendant pleaded guilty to the charge of the Indictment of being an alien who was removed from the United States and later found to be knowingly present here without the consent of the proper authorities, in violation of 8 U.S.C. § 1326(a). On December 4, 2014, the Court sentenced Defendant to a 54-month prison term, which was within the range of imprisonment determined under the applicable provision of the United

---

[1] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

States Sentencing Guidelines, § 2L1.2.[2] In computing Defendant's advisory guideline range, the Court applied a 16-level enhancement authorized by § 2L1.2(b)(1)(A)(ii) because Defendant had a felony conviction that was a "crime of violence" as defined by commentary to § 2L1.2. Specifically, Defendant pleaded guilty in 2003 in Oklahoma County, Oklahoma, to arson, assault and battery with a dangerous weapon, and conspiracy to commit arson.[3] Defendant appealed his sentence, but the appeal was dismissed as frivolous. *See United States v. Sanchez-Mendoza*, 618 F. App'x 395, 398 (10th Cir. 2016).[4]

Defendant asserts a single ground for relief based on the alleged unconstitutionality of his sentence under *Johnson*, in which the Supreme Court invalidated a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The decision in *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265-66 (2016). From the record, it appears that Defendant has not previously sought relief under § 2255, and the Motion was timely filed under § 2255(f)(1) within one year after his conviction and sentence became final. However, it plainly appears Defendant's claim for relief lacks merit because the ruling in *Johnson* has no bearing on his sentence.

In *Johnson*, the Supreme Court found to be unconstitutionally vague the ACCA's definition of "violent felony" under a provision of § 924(e)(2)(B)(ii) commonly known as

---

[2] Defendant had a total offense level of 21 and a criminal history category of III, which yielded an advisory guideline range of imprisonment for a term of 46-57 months.

[3] Defendant also pleaded guilty to other felony crimes on other occasions, but the enhancement was found to apply based on these convictions.

[4] The Court notes that the disposition of Defendant's appeal post-dated *Johnson*, but the government does not raise procedural bar as a defense to his § 2255 Motion.

the "residual clause" because it purported to expand a list of enumerated offenses to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See Johnson*, 135 S. Ct. at 2555-56, 2557. The Supreme Court expressly stated in *Johnson* that its ruling "does not call into question application of the [ACCA] to the four enumerated offenses [in § 924(e)(2)(B)(ii)], or the remainder of the Act's definition of a violent felony" in § 924(e)(2)(B)(i). *See Johnson*, 135 S. Ct. at 2563.

The Tenth Circuit has extended the holding of *Johnson* to declare unconstitutional an identical "residual clause" provision used to define a "crime of violence" for the career offender guideline of the Sentencing Guidelines, § 4B1.2(a)(2). *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). Recently, the Tenth Circuit also extended *Johnson* to invalidate one definition of "aggravated felony" under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43). In *Golicov v. Lynch*, 837 F.3d 1065, 1072 (10th Cir. 2016), the court held that the incorporation of "crime of violence" as defined by 18 U.S.C. § 16 into subparagraph (F) of § 1101(a)(43) rendered the term "aggravated felony" unconstitutionally vague to the extent of the residual definition of § 16(b).

In this case, even liberally construing Defendant's arguments in light of his *pro se* status, the Court can discern no basis for relief under *Johnson* and its progeny. Defendant's sentence was not imposed pursuant to the ACCA, and his guideline range was not calculated using the career offender guideline. No enhancement was applied to determine Defendant's

sentence that required a finding of an "aggravated felony" or a "crime of violence" under the "residual clause" definitions at issue in *Johnson*, *Madrid*, *Golicov*, or other cases.[5]

Defendant complains of the 16-level enhancement that was used to determine his offense level under the Sentencing Guidelines because he had a prior felony conviction that was a "crime of violence" under § 2L1.2(b)(1)(A)(ii). Under this provision, the term "crime of violence" is defined in commentary to § 2L1.2, which provided at the relevant time as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . , statutory rape, sexual abuse of a minor, robbery, **arson**, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (U.S. Sentencing Comm'n 2013) (emphasis added). This definition does not contain the "residual clause" at issue in *Johnson*. Further, Defendant's prior convictions that qualified him for the 16-level enhancement were crimes of arson and assault and battery with a dangerous weapon. These offenses are crimes of violence without regard to any unconstitutionally vague definition of the term.[6]

---

[5] Defendant makes no argument regarding the statutory penalties provided by 8 U.S.C. § 1326(b), but the Court notes that Defendant's punishment was less than the 10-year maximum sentence authorized by § 1326(b)(1) for an alien "whose removal was subsequent to a conviction for commission of . . . a felony (other than an aggravated felony)." Thus, the greater sentence authorized by the enhanced penalty provision of § 1326(b)(2) for aliens with a prior "aggravated felony" is not implicated in this case.

[6] The "elements clause" definition for § 2L1.2 is also used for the career offender guideline. The Tenth Circuit recently held that the crime of assault and battery with a dangerous weapon under Okla. Stat. tit. 21, § 645, is properly treated as a crime of violence under § 4B1.2(a)(1). *See United States v. Taylor*, No. 16-7028, 2016 WL 7187303 (10th Cir. Dec. 12, 2016) (to be published).

4

Defendant's advisory guideline range of imprisonment was determined by utilizing an enhancement that was properly applied because he had a prior felony conviction for arson, which is an enumerated offense and plainly a "crime of violence." Therefore, because Defendant's sentence was not affected by the Supreme Court's ruling in *Johnson*, Defendant is not entitled to relief based on that decision.

IT IS THEREFORE ORDERED that Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 35] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds that this standard is not met. Therefore, a COA is DENIED.

IT IS SO ORDERED this 23rd day of December, 2016.

*[signature]*

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE